*Decisions will be entered under Rule 50.*

ALBERT E. CRABTREE AND CLAIRE C. CRABTREE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN J. O'KEEFE, JR., AND LUCILE E. O'KEEFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41213, 42044. Filed April 15, 1954.

*Thomas L. Zimmerman, Esq.,* for the petitioners.
*Robert J. McDonough, Esq.,* for the respondent.

RAUM, *Judge:* The Commissioner's principal contention is that the amounts received by petitioners from Crabtree and O'Keefe, Inc., did not really represent consideration for the franchise, which might be treated as capital gain, but were in fact merely disguised dividends constituting a distribution of corporate earnings taxable as ordinary income. We agree.

The franchise was transferred to the corporation for all of its stock. In addition, the corporation promised to pay to petitioners one-half of its net profits for 10 years. But the stock itself was full and adequate consideration for the franchise. Moreover, as the owners of all the stock petitioners were in a position to control the future distribution of corporate profits to themselves from year to year, and we are satisfied that the provision for paying out 50 per cent of the profits for 10 years was merely an anticipatory arrangement for the distribution of dividends over that period. Crabtree himself admitted that he and O'Keefe could, with equal facility, have provided for the distribution of profits to the extent of 10, 20, 50, 80, or even 100 per cent, and that the 50 per cent figure was selected merely on advice of counsel. No evidence was presented as to any convincing business reason, apart from tax considerations, for this arrangement.

We do not, of course, suggest that tax motives will render nugatory a bona fide business arrangement. The difficulty with petitioners' position here is that we cannot find that the payments in question were in fact part of the consideration for the franchise. Instead, it is our conclusion that although these payments may have been cast in that form, they were in truth and in fact merely distributions of corporate earnings, masquerading as something that might produce more beneficial tax consequences. Cf. *Ingle Coal Corporation,* 10 T. C. 1199, affirmed 174 F. 2d 569 (C. A. 7); *Pompeian Manufacturing Co.,* 1 B. T. A. 825. Indeed, although there were corporate earnings for years other than the one in question, no distributions were made with respect to such years, pursuant to the agreement of December 4, 1944, purportedly because the corporation was said to have required additional capital. This circumstance confirms, if further confirmation is thought necessary, the conclusion that the 50 per cent provision was merely a convenient device through which petitioners could, if they should so choose, cause the corporation to pay out earnings, and that it did not represent an element of genuine consideration for the franchise.

In view of the conclusion that we have reached as to respondent's principal contention, it is unnecessary to decide the alternative issue pressed by him as to whether, in any event, the franchise was a capital asset held for a period longer than 6 months. We have not felt justi-

fied in making the finding requested by petitioners that they acquired the franchise in April 1944, and there is therefore considerable doubt whether they can prevail here even if the principal issue should be disposed of in their favor. However, that is a bridge that we need not cross.

*Decisions will be entered for the respondent.*